UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JULIE A. SU, Acting Secretary of Labor, United States Department of Labor,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CONSTANT CARE HOME HEALTH SERVICES, LLC and DUNCAN MUCHIRI,<br><br>　　　　Defendants | )<br>)<br>)<br>) Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff, Julie A. Su, Acting Secretary of Labor, United States Department of Labor ("Plaintiff"), brings this action to enjoin Constant Care Home Health Services, LLC ("Constant Care"), a limited liability company, and Duncan Muchiri, individually and as part-owner and managing member of the aforementioned company (collectively, "Defendants"), from violating the provisions of Sections 7, 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA" or "the Act"), 29 U.S.C. §§ 207, 215(a)(2) and 215(a)(5), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

　　　1.　　Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

　　　2.　　This Court is the proper venue because all or a substantial part of the events or omissions giving rise to these allegations occurred in this judicial district.

3. Defendant Constant Care is a corporation within this Court's jurisdiction with an office at 2440 East High Street, Springfield, Ohio 45504, where it conducts business.

4. Defendant Constant Care is a home health care company that provides care services to clients by assisting with daily living skills, including housekeeping, cooking, cleaning, shopping, bathing, grooming, and transportation.

5. Defendant Duncan Muchiri ("Muchiri") is a 50% owner of Defendant Constant Care. Muchiri has actively managed and supervised Defendant Constant Care's operations and its employees during the relevant period. Among other things, Muchiri oversaw Constance Care's day-to-day business operations, including payroll, hiring, firing, and setting employee pay rates.

6. Defendant Muchiri has acted directly or indirectly in Defendant Constant Care's interests with respect to his employees and is therefore an "employer" under the FLSA. 29 U.S.C. § 203(d).

7. Defendants also employ persons in domestic service for profit, which affects interstate commerce per Section 2(a)(5) of the Act, 29 U.S.C. § 202(a)(5). Defendant Constant Care employed workers as home health aides and those employees provide in-home care services to Defendant Constant Care's clients.

8. At all times relevant herein, Defendants employed, and are employing, employees in and about their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Further, upon information and belief, at all times relevant herein, Defendants had annual gross volume

sales made or business done of not less than $500,000, thereby affording coverage over all their employees pursuant to Section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

9. During the period of January 11, 2020 through January 10, 2022 ("relevant period"), and continuing through the present, Defendants employed the individuals in the attached Exhibit A.

10. Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2) during the relevant period by employing their employees for workweeks longer than those prescribed in Section 7 of the Act without compensating said employees for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates. Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act, 29 U.S.C. § 216(c).

11. For example, paid employees at their straight time regular rate for all hours worked, including those in excess of forty per workweek. Specifically, Defendants did not pay employees one and one-half times their regular rate when they worked over forty hours in a workweek.

12. Defendants knew or recklessly disregarded their obligations to pay their employees one and one-half their regular rates for hours worked in excess of forty per workweek. Defendants paid employees straight time for all overtime hours worked, and not the required time and one-half premium rates, despite being aware of the overtime requirement.

13. Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), in that Defendants failed to make, keep, and preserve adequate

and accurate records of their employees, which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516.

14. For example, Defendants failed to accurately record the regular hourly rate for any workweek in which overtime was owed, to maintain complete record of employees' daily and weekly work hours, and to maintain records of employees' straight time earnings.

15. As a result of their FLSA violations, Defendants have unlawfully withheld unpaid compensation from their employees. Defendants owe the employees listed in Exhibit A back wages and liquidated damages, under 29 U.S.C. §§ 216(c), 217. If Defendants continued to violate the FLSA after the relevant period, Defendants may owe additional back wages and liquidated damages to employees. Defendants may also owe additional back wages and liquidated damages during the relevant period to their employees whose identities the Acting Secretary does not currently know.

16. During the relevant period, Defendants violated the provisions of the FLSA as alleged above. Accordingly, judgment permanently enjoining and restraining the violations alleged herein (including the restraint of any withholding of payment of unpaid overtime compensation) is expressly authorized by Section 17 of the FLSA, 29 U.S.C. § 217.

WHEREFORE, cause having been shown, the Acting Secretary prays for judgment against Defendants providing the following relief:

A. For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Section 7, 11(c), 15(a)(2) and 15(a)(5) of the Act, 29 U.S.C. §§ 207, 211(c), and 215(a)(2), (5); and

B. For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation due to certain of Defendants' current and former employees listed in Exhibit A for the period from at least January 11, 2020 through January 10, 2022, and for an equal amount due to certain of Defendants' current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Exhibit A for violations continuing after January 10, 2022, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Exhibit A; or

C. In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid overtime compensation found due Defendants' employees and prejudgment interested computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

D. Costs and any such other relief as may be necessary and appropriate.

Respectfully submitted,

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

**LEAH A. WILLIAMS**
Associate Regional Solicitor

                                          s/ *Stephen M. Pincus*
                                          **STEPHEN M. PINCUS**[1]
                                          Trial Attorney
                                          CT Bar #: 409485

                                          Attorneys for JULIE A. SU,
                                          Acting Secretary of Labor, United States
                                          Department of Labor, Plaintiff

                                          Office of the Solicitor
                                          U.S. Department of Labor
                                          1240 East 9th Street, Suite 881
                                          Cleveland, Ohio 44199
                                          Telephone: (216) 522-3877
                                          Facsimile: (216) 522-7172
                                          Email: pincus.stephen.m@dol.gov

---

[1] Stephen M. Pincus is a member of the bar of the U.S. District Court for the Southern District of Ohio.