UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| LORI CHAVEZ-DEREMER, Secretary of Labor, United States Department of Labor, : : : Plaintiff, : : v. : : CONSTANT CARE HOME HEALTH SERVICES, LLC, *et al.*, : : Defendants. : | Case No. 3:24-cv-78 Judge Thomas M. Rose |

**ENTRY AND ORDER DENYING PLAINTIFF'S UNOPPOSED MOTION FOR RECONSIDERATION (DOC. NO. 18) AND GRANTING PERMANENT INJUNCTION PURSUANT TO 29 U.S.C. § 217**

Presently before the Court is Plaintiff's Unopposed Motion for Reconsideration ("Motion") (Doc. No. 18) of Plaintiff Lori Chavez-Deremer, Secretary of Labor, United States Department of Labor, ("Plaintiff"). On April 29, 2025, Plaintiff and Defendants Constant Care Home Health Services, LLC, Duncan Muchiri, and David Mbugua (collectively, "Defendants") filed a Consent Order and Judgment ("Consent Order"), seeking judicial approval of the terms of the settlement of Plaintiff's claims under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA"). On May 16, 2025, the Court issued its Entry and Order Denying Consent Order and Judgment ("Order") on the basis that the Court does not have the authority under § 216(c) or any binding precedent to approve settlement agreements. (Doc. No. 17.) Plaintiff now moves for reconsideration of that Order.

For the reasons explained below, the Court **DENIES** Plaintiff's Unopposed Motion for Reconsideration. The Court further **GRANTS** Plaintiff a permanent injunction pursuant to 29

1

U.S.C. § 217.

District Courts have the authority under common law and Fed. R. Civ. P. 54(b) to reconsider an interlocutory order prior to final judgment. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). However, "'courts will [only] find jurisdiction for reconsidering interlocutory orders where there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice.'" *Dunham v. Sheets*, No. 1:13-cv-226, 2015 U.S. Dist. LEXIS 61330, at *4, 2015 WL 2194755, at *2 (S.D. Ohio May 11, 2015) (quoting *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009)).

The basic premise of Plaintiff's Motion is that the Court's Order was a manifest injustice because it would prevent the Department of Labor from obtaining the prospective injunctive relief to which it believes it is entitled under 29 U.S.C. § 217. (Doc. No. 18 at PageID 70-73.) To do so, in Plaintiff's view, would undermine the purpose of the statute, which is remedial in nature. (*Id.*) Plaintiff further cites to other cases in the Southern District of Ohio where injunctions pursuant to § 217 have been granted or where consent decrees have been entered. (*Id.*) Plaintiff ultimately argues, "[a] continuing refusal to enter the April 29, 2025, proposed Consent Judgment and Order would deny the Secretary her statutory entitlement to enjoin Defendants from future violations of the Act and her entitlement to enjoin Defendants to pay all of the back wages owed, as only the Court has the authority to enjoin parties." (*Id*. at PageID 72.)

As a point of order, Plaintiff does not have a statutory entitlement to an injunction under § 217 by virtue of being the Secretary of Labor. Instead, § 217 states, "[t]he district courts… shall have jurisdiction, *for cause shown*, to restrain violations of section 215 of this title, including in the case of violations of section 215(a)(2) of this title the restraint of any withholding of payment

2

of minimum wages or overtime compensation found by the court to be due to employees under this chapter…." 29 U.S.C. § 217 (emphasis added).  Indeed, at least one of the cases cited by Plaintiff makes clear that the burden of proving an injunction is warranted rests with Plaintiff. *Dept. of Labor v. Americare Healthcare Servs.*, 762 F. Supp. 3d 666, 698 (S.D. Ohio Jan. 9, 2025). Moreover, Plaintiff's cited cases demonstrate that in granting a permanent injunction the Court must consider: "(1) the previous conduct of the employer; (2) the current conduct of the employer; and (3) the dependability of the employer's promises for future compliance." *Su v. Halo Homecare Services, LLC*, No. 1:20-cv-744, 2023 WL 4286494, at *9 (S.D. Ohio June 30, 2023) (citing *Reich v. Petroleum Sales, Inc.*, 30 F.3d 654, 657 (6th Cir. 1994)); *Americare Healthcare Servs.*, 762 F. Supp. 3d at 698.  Plaintiff's Consent Order, unaccompanied by a motion, does nothing to demonstrate just cause for an injunction beyond the agreement of Defendant to comply with the terms agreed upon.  It would seem Plaintiff expected this Court to act as a rubber stamp to their agreement.

Consent decrees[1] occupy an unusual place in the law.  "Unlike a settlement agreement, a consent decree entered in federal district court draws upon the Article III power, and the decree invokes the court's continuing jurisdiction to ensure compliance with its order until the parties have fulfilled their obligations." *Evoqua Water Tech., LLC. v. M.W. Watermak, LLC*, 940 F.3d 222, 237 (6th Cir. 2019) (J. Bush concurring) (citing *Williams v. Vukovich*, 720 F.2d 909, 920 (6th Cir. 1983)).  Therefore, in entering a consent decree the court is not merely acknowledging the parties settlement, but complying with an "independent judicial interest" that puts the weight of the court behind the agreement.  *See Evoqua Water Tech.*, 940 F.3d at 238 (J. Bush concurring).

---

[1] Plaintiff attempts to distinguish *Gilstrap* by citing to a portion of a footnote in that decision. (Doc. No. 18 at PageID 71.)  Plaintiff cites to a small fraction of the entire footnote, however, and fails to note Judge Cole's conclusion, "the question whether a district court may enter a consent decree to resolve an FLSA case is for another day, as no party seeks such relief here." *Gilstrap v. Sushinati LLC*, 734 F. Supp. 3d 710, n. 8 (S.D. Ohio 2024).

3

Consequently, the Court is obligated to exercise its independent judgment to determine whether it has the authority to approve a party's settlement and whether it would be appropriate to do so.

Thus, the Court circles back to the thorny issue of what § 216(c) does and does not provide for as it relates to the non-injunctive portions of the Consent Order.  As previously stated, the statute, Supreme Court precedent, and Sixth Circuit precedent do not provide for judicial approval of FLSA settlements.  (*See* Doc. No. 17.)  The Court is consequently unable to approve the portions of the Consent Order that serve no prospective relief and operate as nothing more than a typical settlement agreement.  (*See* Doc. No. 16 at PageID 53-57, ¶ 8-20.)  The terms of that settlement being filed with the Court does permit the Court to retain jurisdiction, but it simply will not pass judgment on the equity of the settlement.  However, the Court finds that it may enter a permanent injunction against Defendant pursuant § 217.  Plaintiff's initial Consent Decree, unaccompanied by a motion, failed to demonstrate just cause for an injunction.  However, the Court is now satisfied, based upon the representations made in the Motion, that just cause exists for issuance of a permanent injunction pursuant to § 217.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**, pursuant to Section 217 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. ("Act" or "FLSA"), that Defendants, their officers, agents, servants, employees, successors, assigns and all persons in active concert or participation with them be, and hereby are, permanently enjoined and restrained from violating the provisions of the Act, in any of the following manners:

1. Defendants shall not, contrary to Section 6 of the Act, pay to any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at rates less than those that are now, or that in the future

4

might become, applicable under Sections 6 and 15(a)(2) of the Act.

2. Defendants shall not, contrary to Sections 7 and 15(a)(2) of the Act, employ any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty hours, unless such employee receives compensation for his/her employment in excess of forty hours at a rate not less than one and one-half times the regular rate at which he/she is employed.

3. Defendants shall not request, solicit, suggest, or coerce, directly or indirectly, any employee to return or offer to return to Defendants or to someone else for Defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under this Judgment or the Act; nor shall Defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under this Judgment or the Act; nor shall Defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him/her from Defendants under this Judgment or the Act.

4. Defendants, their agents, officers or employees shall not, contrary to Section 2l5(a)(3) of the Act, threaten, retaliate, or discriminate in any way against any current or former employee of Defendants for exercising any rights under the FLSA, including, but not limited to, employee complaints regarding FLSA compliance made to Defendants or to the Wage and Hour Division of the United States Department of Labor, or cooperation with an investigation conducted by the Wage and Hour Diyision.

5. Defendants shall not withhold payment of any compensation owed to employees named in

Exhibit 1 to Consent Order and Judgment (Doc. No. 16 at PageID 59-63) pursuant to this Judgment.

6. Defendants shall not fail to make, keep, and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to Section 11(c) of the Act and found in 29 C.F.R. Part 516. This includes, but is not limited to, maintaining records of all hours worked by each employee in each workweek and records of compensation paid to each employee in each workweek, whether payment is made by payroll check, personal check, cash, or a combination thereof. The records maintained by Defendants shall also include, but not be limited to, the full name and last known mailing address of all employees, the daily starting and stop time of each employee, and the specific method of payment made to each employee.

7. Defendants are enjoined and restrained from withholding back wages in the sum total amount of $316,593.74 due to certain employees and former employees of Defendants listed and identified in Exhibit 1 to Consent Order and Judgment (Doc. No. 16 at PageID 59-63).

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, June 27, 2025.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE